UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN BRILEY** | **CASE NO.   6:23-CV-1065** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 16). Defendant opposed the Motion. (Rec. Doc. 23), and Plaintiff replied. (Rec. Doc. 26). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Court recommends that the Motion be GRANTED.

### Facts and Procedural History

This action, alleging claims against Defendant Reliance Standard Life Insurance Company, was removed by Defendant from the 13th Judicial District Court for the Parish of Evangeline. (Rec. Doc. 1). Plaintiff, a former schoolteacher in Evangeline Parish who is receiving disability retirement from the Teachers'

Retirement System of Louisiana, alleges that Defendant improperly terminated his long-term disability benefits after two years of payments. (Rec. Doc. 1-2). Plaintiff states that he is totally and permanently disabled due to osteoporosis, post-laminectomy syndrome, radiculopathy, peripheral neuropathy, thoracic disc herniation, and cervical spondylosis. (Rec. Doc. 1-2, ¶ V). Plaintiff requests back benefits, future benefits, penalties, interest, consequential damages, and attorneys' fees alleging violations of Louisiana Revised Statutes Tit. 22, § 1821 and any other applicable provisions of Louisiana law, Breach of Contract, and Detrimental Reliance. (*Id.* at ¶¶ IX-XI).

In the Notice of Removal, Defendant alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. (Rec. Doc. 1). Specifically, Defendant contends that Plaintiff is seeking a total of 181 months of benefits amounting to over $200,000.00 because he requested both back benefits and indefinite future benefits. (*Id.* at p. 3). Plaintiff filed the instant Motion to Remand alleging that Defendant filed a defective Notice of Removal because it failed to demonstrate that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00. (Rec. Doc. 16). Per Plaintiff, future potential benefits may

not be considered when determining the amount in controversy for jurisdictional purposes.   (Rec. Doc. 16-1, p. 5).

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question, and those where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).   Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the Motion to Remand, Plaintiff challenges Defendant's contention that the amount in controversy exceeds the jurisdictional minimum.   (Rec. Doc. 16).   The amount in controversy is determined at the time of the filing of the complaint. *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).   The party invoking federal diversity jurisdiction bears the burden of establishing the amount in controversy by

a preponderance of the evidence. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Id*. Any doubts as to the propriety of removal are construed strictly in favor of remand. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Therefore, the petition filed in this lawsuit does not request recovery of a specific amount. (Rec. Doc. 1-2). Here, Plaintiff requests back benefits, future benefits, penalties, interest, consequential damages, and attorneys' fees. (*Id*. at ¶ XII). This Court finds that the amount in controversy is not apparent from the face of the Plaintiffs' petition; thus, Defendant must set forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Allstate Fire & Cas. Ins. Co.*, 71 F.4th at 351.

**a. Back Benefits**

The parties agree that Plaintiff was receiving $1,133.00 per month prior to the termination of benefits. (Rec. Doc. 1, 16-1, & 23). At the time the action

commenced on July 7, 2023, Plaintiff's benefits had been terminated for just under 12 months. (Rec. Doc. 1-3, p. 2; Rec. Doc. 1-2, p. 1). Thus, the amount of unpaid back benefits is approximately $13,500.00.

### b. Penalties

According to the Defendant, under the provisions of La. R.S. 22:1821, an insured is entitled to a penalty of double any benefit found to have been owed. (Rec. Doc. 1, p. 3). By Defendant's calculation, Plaintiff is seeking a penalty of approximately $29,458.00 excluding attorneys' fees. (*Id.*). Plaintiff's position is that the maximum amount of penalty available is more commonly an amount equal to the unpaid benefit. (Rec. Doc. 16-1, p. 6). The Court, however, need not reconcile these opposing views as Defendant's position only brings the amount of controversy to approximately $42,958.00.

### c. Attorneys' Fees

Defendant did not provide a calculation or analysis of alleged attorneys' fees to support its Notice of Removal despite bearing the burden of establishing the amount in controversy by a preponderance of the evidence. *See Allstate Fire & Cas. Ins. Co.*, 71 F.4th at 351. This Court finds Plaintiff's position that attorneys' fees for amount in controversy purposes can be assumed to be a percentage, namely one-third, of the amount otherwise in controversy persuasive and supported by both state

and federal caselaw. (Rec. Doc. 16-1, p. 6-7). Applying this position, the addition of attorneys' fees in this case would not reach the $75,000.00 threshold even accepting Defendant's double penalty position.

### d. Consequential Damages

Defendant did not provide a calculation or analysis of alleged consequential damages to support its Notice of Removal despite bearing the burden of establishing the amount in controversy by a preponderance of the evidence. *See Allstate Fire & Cas. Ins. Co.*, 71 F.4th at 351. To support his request for consequential damages, Plaintiff alleges "anxiety and inconvenience." (Doc. 1-2, ¶ VIII). This Court has found that "[s]uch generic 'categories of damages are often prayed for in cases that have far less than $75,000 in controversy, so their generic listing adds almost nothing toward satisfying the removing party's burden.'" *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283, at *4 (W.D. La. Nov. 3, 2008)(citing *Saxon v. Thomas,* 2007 WL 1115239, *2 (W.D.La.2007)). Accordingly, there is no evidence to support adding an amount to the amount in controversy for consequential damages.

### e. Future Benefits

Defendant argues that "because Plaintiff claims to be permanently disabled, there can be no uncertainty as to the amount of the disputed benefits Plaintiff is

seeking. A simple calculation shows the amount of those benefits to be $205,073." (Rec. Doc. 23, p. 4). Defendant contends that Plaintiff's benefits, if owed, would terminate when Plaintiff reaches age 67. (Rec. Doc. 1, p. 3). Defendant states that Plaintiff was receiving a monthly benefit of $1,133.00; thus, Defendant purports that the amount in controversy is at least $205,073.00, not including any reduction for present value, penalties, or attorneys' fees. (*Id.*). Plaintiff asserts that in disability insurance cases, the court should not consider possible future benefits when determining the amount in controversy. (Rec. Doc. 16-1, p.). This Court agrees.

The general rule is that alleged future benefits payable pursuant to a disability policy are not to be calculated to determine the amount in controversy. *See* 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3710 ("The prevailing view [in disability policy claims] is that only the amount of the installments unpaid at the commencement of the suit may be taken into account, even though the judgment will be determinative of the company's liability for future installments.").

As this Court has explained—

> The rationale for the rule is that the amount in controversy is assessed in a "snapshot" fashion at the time of removal. When the case is removed, it is uncertain whether there is a dispute as to future payments. The claimant's health or other factors could change in the future and result in the company (1) later paying the benefits voluntarily or (2) being admittedly justified in not paying benefits. A judgment based on the claim for amounts due at the time of removal is not *res judicata* as

>to liability under the policy in the future, which hinges on unpredictable facts.

*Jones v. Bockstruck*, 2007 WL 1836652, at *2 (W.D. La. June 27, 2007).

The general rule is not without exception. In J*ones*, the Court recognized that the value of future benefits may be considered when the validity of the entire insurance contract is brought into issue. *Id*. (citing *Massachusetts Cas. Ins. Co. v. Harmon,* 88 F.3d 415 (6th Cir.1996)). The present matter is not such a case. Here, like *Jones*, Plaintiff is alleging the wrongful termination of benefits; as such, the general rule applies and alleged future benefits should not be considered to determine if the requisite amount in controversy is met.

The gravamen presented by Plaintiff's Motion to Remand is whether future benefits can be considered when assessing whether the amount in controversy reaches the $75,000.00 watermark for purposes of establishing diversity jurisdiction. This Court has already resolved that issue in the negative. *See Jones v. Bockstruck,* 2007 WL 1836652 (W.D. La. June 27, 2007). Because Defendant has not established that the includable damages reach the amount in controversy requirement by a preponderance of the evidence, this Court recommends that Plaintiff's Motion for Remand be granted.

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Remand be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of October, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE